IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Joe R. Blurton, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Don Redmann, )<br>)<br>Respondent. ) | Case No: 3:12-cv-5<br><br>**ORDER** |

Petitioner Joe R. Blurton ("Blurton") filed a petition for habeas relief under 28 U.S.C. § 2254 and a supplement to the petition. (Doc. #3, Doc. #4). On initial review of the petition the court ordered service upon the respondent. (Doc. #10). The respondent filed a response and a motion to dismiss the petition. (Doc. #11, Doc. #12). The motion to dismiss has been fully briefed by the parties and it is apparent based on the state court record that Blurton's claims, all relating to the loss of ability to earn good-time credit, are unexhausted.

**Background**

On October 3, 2008, Blurton pled guilty to gross sexual imposition and was sentenced to twenty years of incarceration with fifteen years suspended, and five years of supervised probation. (Resp. Ex. #2). Additionally, Blurton was required to participate in a sex offender treatment program and admit responsibility for his offense. Id. On July 21, 2009, the North Dakota Supreme Court affirmed Blurton's conviction, finding that Blurton knowingly and voluntarily entered his guilty plea. State v. Blurton, 2009 ND 144, 770 N.W.2d 231.

On May 6, 2009, while Blurton's criminal conviction was on direct appeal, Blurton received a memo from a staff member at the North Dakota Department of Corrections ("NDDOC") informing him that he had been removed from the sex offender treatment program because his conviction was on direct appeal. (Doc. #4-2, p. 5). Blurton was also informed that

he would not receive any negative consequences for the removal from the program.  (Doc. #4-2, p. 5); see also (Doc. #4-2, p. 6) (letter sent to Blurton on February 2, 2009, advising him that sex offenders are exempt from attending the sex offender treatment program while their conviction is on appeal, but that if the conviction is upheld the sex offender must resume treatment).

On January 6, 2010, Blurton filed a state application for post-conviction relief.  (Resp. Ex. #9).  Blurton's request for post-conviction relief was denied by the state district court and Blurton appealed the state district court order.  (Resp. Ex. #12).  Blurton alleged prosecutorial misconduct, ineffective assistance of counsel, legal and factual innocence, procedural errors and denial of due process, and failure of the prosecution to disclose material exculpatory evidence.  Blurton v. State, 2010 ND 223, 795 N.W.2d 37.  The North Dakota Supreme Court summarily affirmed the state district court order denying post-conviction relief on December 2, 2010.

On June 27, 2011, Blurton filed a motion to withdraw his guilty plea.  (Resp. Ex. #1).  The state district court denied Blurton's motion.  (Resp. Ex. #1).  Blurton appealed the state district court order on August 9, 2011.  His appeal was dismissed with prejudice on November 9, 2011 for failure to comply with the North Dakota Rules of Appellate Procedure.  (Resp. Ex. #19).

On October 4, 2011, an incident report alleging that Blurton committed an infraction was filed with the NDDOC.  (Resp. #22, p. 2; Doc. #4-4, p. 1).  The report states that Blurton was asked to attend a sex offender treatment program, but he refused because he was in the appeal process.  Id.  At that time Blurton was appealing the state district court order denying his motion to withdraw his guilty plea. On October 5, 2011, an investigating officer at the NDDOC submitted a report which states that Blurton explained he would not attend treatment because he

would be committing perjury by admitting to a crime he did not commit. (Resp. Ex. #22, p. 3). At the hearing on the infraction Blurton stated he did not refuse treatment, rather he refused to incriminate himself or to lie to continue to earn performance based sentence reduction ("PBSR"). (Resp. Ex. #22, p. 7). Blurton also stated that he was told he did not have to participate in treatment while his case was on appeal.[1] Id. Blurton was found to have committed the infraction and as a result his ability to accrue PBSR, or good-time credit, was stopped on October 17, 2011. Id. On January 11, 2012, Blurton came into compliance with treatment and his ability to earn good-time credit resumed. (Resp. Ex. #23).

Between September and December of 2011, Blurton filed in state district court motions for a new trial, for an evidentiary hearing, and to introduce exhibits. (Resp. Ex. #1). On January 13, 2012, the state district court denied Blurton's motions. Id. Blurton appealed the order denying the motions, but his appeal was dismissed as untimely. (Resp. Ex. #21).

On December 6, 2011, Blurton filed a state petition for habeas relief. (Resp. Ex. #24). The respondent moved to dismiss the petition for insufficiency of service. (Resp. Ex. #25). The respondent's motion was granted and the state petition was dismissed without prejudice. (Resp. Ex. #26).

---

[1] It appears Blurton may have thought he did not have to attend the sex offender treatment program while he was appealing the order denying his motion to withdraw his guilty plea because of the memos received from staff at the NDDOC while his criminal conviction was on direct appeal. The memos advised Blurton that sex offenders are exempt from attending the sex offender treatment program while their conviction is on appeal. See (Doc. #4-2, pp. 5-6). However, Blurton fails to recognize that once his conviction was affirmed by the North Dakota Supreme Court on direct appeal on July 21, 2009, he was deemed guilty of the crime and was required to attend treatment. Subsequent appeals of orders denying post-conviction relief or motions to withdraw guilty pleas did not exempt him from attending sex offender treatment.

**Federal Habeas Petition**

In ground one of the petition Blurton contends he lost good-time credit because he was not allowed to participate in sex offender treatment while his criminal conviction was on direct appeal, and while he was appealing the state district court's order denying his motion to withdraw his guilty plea.[2]  (Doc. #3, p. 5).  In ground two Blurton states he is being required to admit responsibility for charges that were dismissed, and admit that his conviction for gross sexual imposition involved the use of force.  (Doc. #3, p. 6).  The court presumes Blurton is alleging loss of good time credit or the ability to earn good-time credit for being deemed as noncompliant with treatment.[3]   Finally, in ground three Blurton states the NDDOC intentionally miscalculated his good-time credit.  He claims he was supposed to be released from incarceration on January 10, 2012, but instead he was given a release date of May 16, 2012.  Blurton sent a letter to the court subsequent to filing his habeas petition stating he was released on January 25, 2012, after a recalculation of his good-time credit.  (Doc. #5).

---

[2]  As previously noted, Blurton's appeal of the state district court order denying his motion to withdraw his guilty plea was dismissed by the North Dakota Supreme Court for failure to comply with the rules.  (Resp. Ex. #119).  In Blurton's federal habeas petition he requests that this Court allow him to withdraw his guilty plea.  The relief requested is not compatible with Blurton's alleged grounds for relief, which all relate to the loss of good-time credit.  Additionally, it appears that claims related to Blurton's state motion to withdraw his guilty plea may be procedurally defaulted.

[3]  Blurton attached to his federal habeas petition a letter and a civil rights complaint that Blurton sent to the Department of Justice, the Office for Civil Rights, and the North Dakota Attorney General Office.  (Doc. #3-2).  In the letter Blurton alleges the loss of good-time credit and states he will not be released from prison until he admits "their version of events."  Id. at p. 1.  Additionally, Blurton stated at the hearing on the infraction for failing to comply with treatment that he will not participate in anything that would incriminate him, and he refused to "admit the charges."  (Resp. Ex. #22, p. 7).  Blurton's attachments to his petition and his statements made at the hearing on the infraction indicate that in ground two Blurton is challenging the loss of his ability to earn good-time credit, which was the result of Blurton being found to have committed the infraction.

**Exhaustion Requirement**

28 U.S.C. § 2254(b)(1) requires a petitioner to exhaust his state remedies before filing a petition for habeas relief in federal court.  The doctrine of exhaustion dictates that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act."  Mellott v. Purkett, 63 F.3d 781, 784 (8th Cir. 1995) (quoting Rose v. Lundy, 455 U.S. 509, 515 (1982)).  The exhaustion doctrine applies not only to habeas challenges to judgments of conviction and sentences, but also when a prisoner seeks habeas relief from a claim arising out of the administration of a prisoner's sentence, e.g., challenges to deprivations of good-time credit.  Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999).

"To satisfy the exhaustion requirement, [Blurton] must show that he either made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue."  Gentry v. Lansdown, 175 F.3d 1082, 1083 (8th Cir. 1999); see also Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001) (emphasizing the exhaustion doctrine "turns on an inquiry into what procedures are 'available' under the state law." (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999))).  Blurton has not raised his claims relating to good-time credit before the state courts, and he can challenge the deprivation of his ability to earn good-time credit pursuant to N.D. Cent. Code ch. 32-22 governing state habeas corpus proceedings.

**Conclusion**

Blurton's claims stated in his federal habeas petition are unexhausted, as affirmatively stated by the respondent,[4] and no circumstances exist which warrant deviation from the

---

[4] The court need not address respondent's contention that Blurton's claims are moot, as Blurton's petition is dismissed for not complying with the exhaustion requirement.

exhaustion requirement.  It is **ORDERED** that the respondent's motion to dismiss (Doc. #12) is **GRANTED** and Blurton's petition for habeas relief (Doc. #3) is **DISMISSED** without prejudice.  Based upon the entire record before the Court, dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings.  Therefore, a certificate of appealability will not be issued by this Court.  See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997) (finding that district courts possess the authority to issue certificates of appealability under Section 2253(c)).  If petitioner desires further review of his petition, he may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-522 (8th Cir. 1997).  Additionally, the Court finds that any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*.  See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); see also Coppedge v. United States, 360 U.S. 438, 444-45 (1962).

    **JUDGMENT SHALL BE ENTERED ACCORDINGLY.**

    Dated this 6th day of July, 2012.

                                    /s/ *Karen K. Klein*
                                      Karen K. Klein
                                      United States Magistrate Judge